IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01875-BNB

J. FREDERICK NATHANIEL MASON, III,
    Plaintiff,

v.

UNITED STATES SOCIAL SECURITY ADMINISTRATION,
    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 27 2009

GREGORY C. LANGHAM
    CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, J. Frederick Nathaniel Mason, III, initiated this action by filing *pro se* a complaint. On August 18, 2009, he filed an amended complaint. The court must construe the amended complaint liberally because Mr. Mason is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Mason will be ordered to file a second amended complaint.

The court has reviewed the amended complaint filed on August 18, 2009, and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements

of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Mason fails to set forth a short and plain statement of the grounds for the court's jurisdiction. In other words, Mr. Mason fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action. Although Mr. Mason refers to the Social Security Act in his jurisdictional statement, he fails to identify the specific provision of the Social Security Act pursuant to which he is asserting his claims.

Mr. Mason also fails to set forth a short and plain statement of his claims showing that he is entitled to relief. It appears that Mr. Mason has been awarded retroactive Social Security benefits because he seeks the immediate release of the remaining retroactive benefits awarded. However, Mr. Mason fails to allege specific facts that demonstrate he has any right to the relief he seeks. Furthermore, Mr. Mason refers to a number of constitutional provisions that he apparently believes have been

violated, but he fails to allege specific facts in support of his constitutional claims. As a result, the court is left to speculate about the precise claims Mr. Mason wishes to pursue in this action. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

For these reasons, Mr. Mason will be ordered to file a second amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this court in this action. Accordingly, it is

ORDERED that Mr. Mason file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Mason, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that if Mr. Mason fails within the time allowed to file a second amended complaint that complies with this order the action will be dismissed without further notice.

DATED August 27, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01875-BNB

J. Frederick Nathaniel Mason III
3550 Milwaukee St
Denver, CO 80205

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 8/27/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk