IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01875-BNB

J. FREDERICK NATHANIEL MASON, III, and
THE GNOSTIC ASSEMBLY,

    Plaintiffs,

v.

UNITED STATES SOCIAL SECURITY ADMINISTRATION,
UNITED STATES FEDERAL EMERGENCY MANAGEMENT AGENCY, and
THE STATE OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 21 2009

GREGORY C. LANGHAM
               CLERK

## ORDER OF DISMISSAL

Plaintiff J. Frederick Nathaniel Mason, III, initiated this action by filing *pro se* a complaint. On August 18, 2009, Mr. Mason filed an amended complaint. On August 27, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Mason to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On September 25, 2009, Mr. Mason filed a second amended complaint naming himself and the Gnostic Assembly as Plaintiffs. According to the second amended complaint, the Gnostic Assembly is a nonprofit unincorporated association. As such, the Gnostic Assembly may not appear in federal court unless it is represented by a licensed attorney. **See Rowland v. California Men's Colony**, 506 U.S. 194, 202 (1993). Because the party identified in the caption of the second amended complaint as the Gnostic Assembly is not represented in this action by a licensed attorney, the Gnostic Assembly will be dismissed as a party to this action.

The Court must construe Mr. Mason's claims in the second amended complaint liberally because Mr. Mason also is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

The Court has reviewed the second amended complaint and finds that the second amended complaint still fails to comply with the pleading requirements of Rule 8. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which

provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Mason fails to provide a short and plain statement of the grounds for the Court's jurisdiction and he fails to provide a short and plain statement of his claims showing that he is entitled to relief. More specifically, Mr. Mason fails to identify the specific statutory authority that allows him to raise his claims in this Court in this action and he fails to allege specific facts in support of his claims. In short, whatever specific claims Mr. Mason is asserting against the named Defendants make no sense. Although the second amended complaint must be construed liberally, the Court will not construct legal arguments for a *pro se* litigant. **See Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, the second amended complaint and the action will be dismissed for failure to comply with the pleading requirements of Rule 8. Accordingly, it is

ORDERED that the Plaintiff identified in the caption of the second amended complaint as the Gnostic Assembly is dismissed as a party to this action without prejudice. It is

FURTHER ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 20 day of Oct, 2009.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01875-BNB

J. Frederick Nathaniel Mason III
3550 Milwaukee St
Denver, CO 80205

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/21/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk